PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARISSE LYONS, | ) | |
| | ) | CASE NO. 1:20CV1567 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| | ) | [Resolving ECF No. 17] |
| Defendant. | ) | |

The assigned magistrate judge issued a Report and Recommendation (ECF No. 16) affirming Defendant's final decision denying Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") to Plaintiff. Plaintiff objects to the Report and Recommendation. ECF No. 17. Defendant responded in opposition to the objections. ECF No. 18.

For the reasons below, Plaintiff's objections (ECF No. 17) are overruled and the Report and Recommendation (ECF No. 16) is adopted.

**I. Background**

Plaintiff separately applied for DIB and SSI, both of which were initially denied. After the denials, Plaintiff requested, and was granted, a hearing before an administrative law judge ("ALJ"). After considering testimony from Plaintiff and an impartial vocational expert, the ALJ concluded that Plaintiff was not disabled because she "has the residual functional capacity to perform light work[,]" as she can perform motions involving reaching, climbing, pushing, and pulling. ECF No. 16 at PageID #: 985 (summarizing the ALJ's decision). Plaintiff requested a

(1:20CV1567)

review of the ALJ's decision, but the request was denied, and the ALJ's decision became the Commissioner's final decision.

In the instant suit, Plaintiff filed a complaint, challenging the ALJ's decision. ECF No. 1. Plaintiff argues that the ALJ failed to properly evaluate the opinions of Dr. Jessica R. Griggs ("Dr. Griggs"), the physician who treated Plaintiff at the Department of Veteran Affairs. Specifically, Plaintiff intones that the ALJ failed to evaluate the supportability and consistency of Dr. Griggs' findings because (1) "the ALJ did nothing more than declare that Dr. Griggs' medical source statement did not contain any explanation to support her opinions[,]" and (2) "the record contains evidence from other medical sources that are consistent with Dr. Griggs' opinions." ECF No. 13 at PageID #: 956 – 959.

The assigned magistrate judge affirmed the ALJ's decision, citing to the ALJ's finding that Dr. Griggs' opinion was unpersuasive as a whole.[1] The assigned magistrate judge explained that the ALJ properly evaluated the supportability and consistency of Dr. Griggs' findings because (1) Dr. Griggs offers "*no supporting explanation* in her opinion nor does the doctor identify objective medical evidence to support the limitations assessed[,]" and (2) "the ALJ plainly found Dr. Griggs' opinion was inconsistent with [] prior administrative medical findings—a proper consideration[.]" ECF No. 16 at PageID #: 989 – 992. (italics in original).

---

[1] The ALJ wrote: "**In addition, Dr. Griggs left the space blank for medical or clinical findings to support her opinion and merely circled answers and checked boxes on this opinion form. Further, I find this opinion regarding, in particular, being off-task and reference to a required assistive device, is inconsistent with examinations that showed that claimant generally maintained normal strength and ambulated with a steady gait and without difficulty**[.]" ECF No. 16 at PageID #: 989. (emphasis in original).

2

(1:20CV1567)

## II. Discussion

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a de novo review of those portions of the Report to which an objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). Objections to the Report and Recommendation must be specific, not general, to focus the court's attention upon contentious issues. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). The primary issue then becomes "whether [the Commissioner's] decision is supported by substantial evidence and was made pursuant to proper legal standards." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); see also 42 U.S.C. § 405(g). The court's review of the Commissioner's decision in the case at bar is limited to determining whether substantial evidence, viewing the record as a whole, supports the findings of the ALJ. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (per curiam).

If substantial evidence supports the Commissioner's decision, a reviewing court must affirm the decision even if it would have decided the matter differently. *Cutlip v. Secretary of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983)). Moreover, the decision must be affirmed even if substantial evidence would also support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). This "standard allows considerable latitude to administrative decision

3

(1:20CV1567)

makers.  It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Id*. (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).  In determining whether substantial evidence supports the ALJ's findings in the instant matter, however, the court must examine the record as a whole and take into account what fairly detracts from its weight.  *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992).

For the Commissioner to find that a plaintiff suffers from a disability for which she should receive benefits, the plaintiff must be unable to engage in any substantial gainful activity due to the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

Plaintiff raises one objection to the Report and Recommendation.  Plaintiff argues that the ALJ failed "to properly consider the mandatory factors of consistency and supportability" in evaluating Dr. Griggs' opinion.  For support, Plaintiff states that the ALJ should have (1) "considered all of the support provided by Dr. Griggs, not just what was in the medical source statement[,]" and (2) provided "an explanation that adequately explains why certain opinions are being found less persuasive."  ECF No. 17 at PageID #: 995 – 997.

4

(1:20CV1567)

Plaintiff raised this contention in her merits brief.² ECF No. 13 at PageID #: 956 – 959. Additionally, it is not a challenge to a specific finding by the assigned magistrate judge, but rather "[a] 'general objection' that does nothing more than restate an argument previously presented or simply states a disagreement with a magistrate judge's suggested resolution."³ *Austin v. Comm'r of Soc. Sec.*, No. 1:19-CV-2380, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (quoting *Howard*, 932 F.2d at 509). At worst, Plaintiff's purported objection is riddled with legal conclusions and devoid of analysis pointing out how the assigned magistrate judge's findings and conclusions ran afoul of the law. Plaintiff's general complaint "'has the same effects as would a failure to object.'" *Austin*, No. 1:19-CV-2380, 2021 WL at *4 (quoting *Howard*, 932 F.2d at 509). Objections to a magistrate judge's Report and Recommendation must be more than simply a rehashing of arguments previously before the Court, or an overall disagreement with the magistrate judge's recommendation. *Grantz v. Comm'r of Soc. Sec. Admin.*, No. 5:16CV2033, 2017 WL 2829908, at *2 (N.D. Ohio June 30, 2017) (finding "[p]laintiff's 'objection in full' is not a proper objection" because "[o]bjections to the magistrate judge's Report must be specific, not general"). At best, Plaintiff's objection runs afoul of the "zone of choice." The ALJ considered what was required and decided the matter in favor of the Commissioner. Accordingly, Plaintiff's objection is overruled.

---

² In fact, Plaintiff concedes, "[w]hile it is true that Dr. Griggs did not provide a narrative or explanation in the medical source statement, that does not mean that her opinions are not supported. The ALJ neglected to consider Dr. Griggs' medical findings and treatment notes as support for her opinions." *Id*.
   The ALJ did not properly consider whether Dr. Griggs' opinions were supported by the record.
   ³ Notably, Plaintiff begins the substantive portion of her objections with "Ms. Lyons respectfully disagrees." ECF No. 17 at PageID #: 996.

(1:20CV1567)

### III.  Conclusion

For the reasons above, Plaintiff's objections (ECF No. 17) are overruled.  The Report and Recommendation (ECF No. 16) is adopted.  Judgment will be entered in favor of Defendant.


IT IS SO ORDERED.


| | |
|---|---|
| March 1, 2022 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |